## JONATHAN PIERCE *vs.* DAVID R. LAMSON.

This court has jurisdiction in equity to require the delivery and surrender of a deed of mortgage, which, after having been executed and delivered, though not acknowledged, has been intrusted to the mortgagor for the purpose of having it recorded, if he thereupon retains it in his own possession and refuses to deliver it up or have it recorded.

BILL IN EQUITY, alleging that the plaintiff, as guardian of Abigail T. Smith, an insane person, took from the defendant a bond with condition to support said Abigail; that the defendant executed a mortgage of certain real estate to secure the performance of the condition of the bond, and delivered the same, with the bond, to the plaintiff, who received the same, supposing the mortgage to have been acknowledged; that while the mortgage was in the plaintiff's possession, the defendant offered to see that it was recorded, and thereupon the plaintiff intrusted it to him for that purpose; that the defendant has wilfully and fraudulently omitted and neglected to have it recorded, and now

refuses to deliver it up, or have it recorded ; that the plaintiff believes that the defendant now has the same in his possession, or has destroyed it ; and that the defendant refuses longer to maintain said Abigail, and has threatened and intends to convey away the real estate. The prayer was, that the defendant might be decreed to deliver up the mortgage, and acknowledge the same, and for other relief.

The respondent filed a general demurrer.

*P. C. Bacon*, for the defendant.

*E. Mellen & W. S. Davis*, for the plaintiff, were not called upon.

BIGELOW, C. J. The bill avers with sufficient precision and certainty, that the deed of mortgage was duly executed and delivered by the defendant to the plaintiff, so as to vest the title in the latter as between themselves. The acknowledgment was not essential to its validity as a deed by which the estate would pass presently to the grantee. *Dole* v. *Thurlow*, 12 Met. 157, 162. *Howard Mutual Loan and Fund Association* v. *McIntyre*, 3 Allen, 572. This averment of delivery, coupled with the other statements of the bill, is sufficient to show that the plaintiff is entitled to the possession of the deed.

The only other question raised by the demurrer is, whether the court has jurisdiction in equity of the case. Before the enlargement of our chancery jurisdiction, it would seem, to be quite clear that, without an averment that the deed was withheld or secreted so that it could not be replevied, the party entitled to its possession could not have maintained a bill in equity for its recovery. *Travis* v. *Tyler*, 7 Gray, 146. But under the provision contained in Gen. Sts. *c.* 113, § 2, by which full jurisdiction, according to the course and practice of courts of chancery, where there is not a plain, adequate and complete remedy at law, is conferred on this court, we have no doubt that the case stated in the bill is one which entitles the plaintiff to relief in equity. One of the most ancient heads of chancery jurisdiction is that which gives specific relief to persons having a right to the possession of deeds and other written instruments, by a decree for their surrender and delivery by those who

wrongfully detain and withhold them. Story on Eq. §§ 703, 906. *Knye* v. *Moore*, 1 Sim. & Stu. 61. *Freeman* v. *Fairlie*, 3 Meriv. 30. The remedy at law is inadequate in the present case, because it furnishes no means by which the plaintiff in one sui can recover his deed and at the same time restrain the defend ant, in whom the apparent title to the premises described in the deed stands on the record, from conveying the premises to an innocent purchaser without actual notice of the previous deed to the plaintiff, and thus depriving the plaintiff of the estate to which he is entitled. *Demurrer overruled.*